IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:21-cv-02624-JPM-tmp |
| v. ) | |
| ) | |
| THIRTY-EIGHT THOUSAND THREE ) | |
| HUNDRED TWENTY DOLLARS ) | |
| ($38,320) IN U.S. CURRENCY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GRANTING PLAINTIFF UNITED STATES'**
**MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff United States' (the "Government") Motion for Summary Judgment, filed September 6, 2022. (ECF No. 32.) For the reasons stated below, Plaintiff's Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

   *a. Procedural History*

This civil action in rem to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6) is before the Court on Plaintiff's Complaint of Forfeiture, filed October 5, 2021. (ECF No. 1). Bobby Lee Fisher III (the "Claimant") filed an Answer on January 7, 2022. (ECF No. 17.) Plaintiff filed a Motion for Summary Judgment on September 6, 2022. (ECF No. 32.)

   *b. Factual History*

Plaintiff submitted the Affidavit of Andrew R. Maliskas ("Officer Maliskas"), a Task Force Officer of the Drug Enforcement Administration ("DEA"), in support of its Complaint of

Civil Forfeiture. (ECF No. 1-2.) According to this Affidavit, on "March 22, 2021," DEA Task Force Officers were notified by a confidential source that an individual named Marlon Kalon Malik Hill ("Hill") would be boarding a flight from Memphis, Tennessee to Los Angeles, California. (Id. ¶ 4.) On "[March] 23, 2021," federal officers observed a man matching Hill's description at the Memphis International Airport. (Id. ¶ 5.) Officer Maliskas approached the man, and he identified himself as Hill. (Id. ¶ 6.) He was with another man. (Id. ¶ 5.) Officer Maliskas searched Hill's suitcase with Hill's consent, where he found zip top bags "with California marijuana warning logos." (Id. ¶ 7.) The Officers then conducted a pat-down search of Hill and a search of his backpack, with his consent. (Id. ¶¶ 8–9.) The officers located "several stacks of U.S. currency . . . held together with red and yellow rubber bands" in the backpack, and money on Hill's person. (Id.) Hill stated that "it was Bobby Lee Fisher's currency" but later "recanted." (Id. ¶ 9.) He claimed to be a photographer travelling to Los Angeles to take pictures but "was unable to provide [the officers] with accurate information about his photography gear" and "did not have a camera with him." (Id. ¶ 10.)

The second man identified himself as the Claimant. (Id. ¶ 11.) An officer observed "a large stack of currency" in his hoodie pocket. (Id.) He consented to a search of his luggage, where "several banded stacks of U.S. currency" were discovered by the officers. (Id. ¶ 13.) Fisher claimed to own a film business but could not provide proof of income for the money in his bag and on his person, and also had no videography equipment. (Id. ¶¶ 13–14.)

The money and luggage was seized, and both Fisher and Hill were provided with receipts of goods. (Id. ¶¶ 15-16.) The amounts of the currency seized were $24,300, $5,020, and $9,000, for a total of $38,320 in U.S. currency. (Id. ¶¶ 16–18.)

## II.   LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012). In making its case for summary judgment in a civil forfeiture case,

> the moving party need not support his motion with affidavits or other similar materials "negating" the opponent's claim, but need only show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 323- 235 (1986). Once the moving party has met its burden of production the nonmoving party must by deposition, answers to interrogatories, and admissions on file show specific facts that reveal a genuine issue for trial. Id. at 324. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party].

United States v. Four Contiguous Parcels of Real Prop., Nos. 98-5292, 98-5317, 1999 WL 701914, *3 (6th Cir. 1999).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to

3

judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 Fed. Appx. 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251-52). Summary judgment "'shall be entered'

4

against the non-moving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Servs., LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247-254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. & Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584–85.

### III.   ANALYSIS

Plaintiff moves for summary judgment under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of assets traceable to proceeds of felony violations of the Controlled Substances Act, 21 U.S.C. 801, *et seq*. The Government's burden of proof in a civil forfeiture case is found at 18 U.S.C. § 983(c), which provides in relevant part that:

> In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property, (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture; . . . and (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission

of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c).

"To satisfy the substantial connection element, the nexus between the property and the illegal activity need not be integral, essential, or indispensable; the property need only make the prohibited conduct less difficult or more or less free from obstruction or hindrance." United States v. One Ford F-150, No. 2:14-cv-02416-JPM-dkv, 2014 WL 12531104, at *3 (W.D. Tenn. Dec. 1, 2014) (citing United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990) (internal quotation marks omitted). "The 'substantial connection' requirement does not require the government to provide direct evidence that the property is linked to a specific drug sale. "Instead, reasonable inferences may be drawn from the evidence presented to establish a nexus between the property and drug activity." United States v. Thirty Nine Thousand Dollars ($39,000.00) in U.S. Currency, No. 04-2902 ML/AN, 2005 WL 2600217, at *4 (W.D. Tenn. Oct. 11, 2005) (quoting United States v. Veggacado, 37 Fed. App'x 189, at *2 (6th Cir. June 14, 2002)).

Plaintiff argues that it has met its burden because it has propounded requests for admission to Claimant which he has failed to answer. (ECF No. 32 at PageID 100.) Claimant has also failed to file a Response to the Government's Motion for Summary Judgment. In his Answer to the Government's Complaint, Claimant argues that the seized currency "was not used or intended to be used in exchange for controlled substances, [and] it does not represent drug trafficking proceeds." (ECF No. 17-1 at PageID 59.) However, the Government propounded requests for admissions by Claimant that "the defendant, $38,320 in U.S. currency . . . came from the proceeds of illegal drug trafficking," that "[his] sole or primary source of income, and/or that of your spouse, was illegal drug trafficking," and that "defendant property

6

is traceable to the proceeds of illegal drug trafficking and/or was used or intended to be used to facilitate a violation of . . . 21 United States Code, Sections 801 *et seq*." (ECF No. 32 at PageID 100.)

As the Government received no response to its requests for admission from Claimant, the matters covered by those requests are deemed admitted. See United States v. 93 Firearms, 330 F.3d 414, 428 (6th Cir. 2003) (remarking that claimant's failure to responds to request for admission in civil forfeiture case served as "constructive admission"). Claimant is deemed to admit that the defendant property "came from the proceeds of illegal drug trafficking" and that it "was used or intended to be used to facilitate a violation" of 21 U.S.C. 801 *et seq*. (ECF No. 32 at PageID 100;) see also 18 U.S.C. § 983(c) (the defendant property was both "subject to forfeiture" and "used to commit or facilitate the commission of a criminal offense"). Accordingly, there is no genuine material factual dispute. See Fed. R. Civ. P. 56(a); see also Four Contiguous Parcels of Real Prop., 1999 WL 701914 at *3 (noting that, in civil forfeiture cases, "[o]nce the moving party has met its burden of production the nonmoving party must by deposition, answers to interrogatories, and admissions on file show specific facts that reveal a genuine issue for trial").

## IV.   CONCLUSION

There being no dispute of material fact, Plaintiff's Motion for Summary Judgment is **GRANTED**. A judgment shall be entered forfeiting the defendant property to the United States and awarding the United States its costs and disbursements in this case. The aforementioned property consists of the property seized on March 23, 2021 and presently in the custody of the United States Marshals Service in Memphis, Tennessee in the total amount of $38,320.00.

**SO ORDERED**, this the 11th day of October, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE